UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SARAH UPDIKE and JAMES UPDIKE Individually and as parents and next Friends of their minor children I.U, A.U. and K.U. , et al. | : | Case No.: 1:22-cv-00374 |
| | : | JUDGE MICHAEL BARRETT |
| | : | MAGISTRATE STEPHANIE BOWMAN |
| Plaintiffs | | |
| vs. | : | |
| BOARD OF EDUCATION OF FOREST HILLS SCHOOL DISTRICT, et al. | : | **MOTION TO DISMISS PLAINTIFFS' VERIFIED COMPLAINT** |
| | : | |
| Defendants. | : | |

Pursuant to FRCP 12(b)(1) and 12(b)(6), Defendants hereby move the Court to dismiss Plaintiffs' Verified Complaint for the reasons that the Plaintiffs lack standing to pursue the claims, the Verified Complaint fails to state a claim upon which relief can be granted, the Court lacks subject matter jurisdiction over the claims against the Defendants, and the individual Defendants should be dismissed since they are sued only in their official capacity. This Motion is supported by the attached Memorandum of Law, the Affidavit of Larry Hook and the pleadings filed herein.

                                                                                                    Respectfully Submitted,

                                                                                                    /s/ Bernard W. Wharton
                                                                                                    R. Gary Winters, Esq. (0018680)
                                                                                                    Bernard W. Wharton Esq. (0063487)
                                                                                                    Ian R. Smith, Esq. (0068195)
                                                                                                    McCaslin, Imbus & McCaslin
                                                                                                    600 Vine Street, Suite 800
                                                                                                    Cincinnati, OH 45202
                                                                                                    (513) 421-4646 phone
                                                                                                    (513) 421-7929 fax
                                                                                                    bwwharton@mimlaw.com
                                                                              ***Attorney for Defendants Sarah Jonas, Linda Hausfeld, Bob Bibb, Katie Stewart Leslie Rasmussen, Larry Hook, Board of Education of the Forest Hills School District and The Forest Hills School District***

**MEMORANDUM OF LAW**

I.     **FACTUAL BACKGROUND**

On June 22, 2022, the Forest Hills School District Board of Education ("School Board") adopted a "resolution to create a cultural kindness and equal opportunity for all students and staff" ("Resolution").  The School Board has taken no steps to enact new policies or revise current policies to effect any enforcement of the Resolution. (See Aff. of Larry Hook at ¶ 16).  Under its bylaws in its policy manual, the School Board has defined a policy as a "general, written statement by the governing board which defines its expectation or position on a particular matter and authorizes appropriate action that must or may be taken to establish and/or maintain those expectations."  (See Aff. of Larry Hook at ¶ 5). The Resolution is not the same as a policy based on the Board's bylaws.  (See Aff. of Larry Hook at ¶ 6).

The School Board is solely responsible for the management and control of the public schools in the School District as well as the employees, students, and all other persons entering upon its school grounds or premises.  R.C. §3313.20, §3313.47.  Board members as individuals do not separately possess the powers that reside in the Board of Education.  The School Board shall make rules and regulations as are necessary for the governance of its employees and student and of its grounds or premises by adopting by-laws and policies for the organization and operation of the School District.  (See Aff. of Larry Hook at ¶ 13).

If policies of the School Board need to be revised, it is the duty of the Superintendent to bring that to the School Board's attention pursuant to Board policy.  (See Aff. of Larry Hook at ¶ 7). The School Board provides various reasons for reviewing its policies and procedures and has allocated to the Superintendent the responsibility for updating and reviewing Board policies. (See Aff. of Larry Hook at ¶¶ 8-12, Exhibits B-E).  With respect to the resolution in this matter, no School

Board policies have been identified that need to be adopted, amended, or repealed in order to effectuate any portion of the resolution (See Aff. of Larry Hook at ¶ 16).

The Superintendent has not identified any School Board policies that need to be revised as a result of the resolution. No new by-laws or policies have been proposed for adoption, amendment, or repeal. (See Aff. of Larry Hook at ¶ 16). The Superintendent has not designed or implemented any administrative guidelines under which the School District operates. (See Aff. of Larry Hook at ¶ 19). The Superintendent has not identified any changes to the curriculum of the School District and the preparation of courses of study as a result of the resolution. (See Aff. of Larry Hook at ¶ 27).

## II. PLAINTIFFS' CLAIMS

In their verified complaint, the Plaintiffs have brought six counts of action. They are as follows:

1. Violation of the Fourteenth Amendment – void for vagueness under 42 U.S.C. §1983.
2. Violation of the First Amendment – right to receive information under 42 U.S.C. §1983.
3. Violation of the First Amendment – overbroad and viewpoint-based restriction on academic freedom under 42 U.S.C. §1983.
4. Violation of the Fourteenth Amended – race based and discriminatory purpose under 42 U.S.C. §1983.
5. Violation under Title VI of the Civil Rights Act of 1964.
6. Declaratory relief.

Plaintiffs have no standing for any of these claims and they should be dismissed.

### III. LEGAL ARGUMENT

#### A. Motion to Dismiss Standard

Defendants are moving under Rule 12(b)(1) and 12(b)(6) for dismissal of the Plaintiff's Complaint. A motion to dismiss based on Rule 12(b)(1) for lack of subject matter jurisdiction must be considered before a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted because if the court lacks subject matter jurisdiction, the Rule 12(b)(6) motion becomes moot. *Castellon-Vogel v. Int'l Paper Co.*, 2020 U.S. Dist. LEXIS 35279 at *4 (S.D. Ohio). Fed. R. Civ. P. 12(b)(1) provides that an action may be dismissed for "lack of subject matter jurisdiction." When subject matter jurisdiction is challenged under Rule 12(b)(1), the Plaintiff has the burden of proving jurisdiction in order to survive the motion. *Castellon-Vogel, supra* at *4. To do so, the Plaintiff must show that the complaint alleges a claim under federal law and that the claim is substantial. *Id*.

Furthermore, on a Rule 12(b)(1) challenge to subject matter jurisdiction, the court is empowered to resolve factual disputes. *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). Under a Rule 12(b)(1) motion, the parties are free to supplement the record by affidavits, however, this supplementation does not convert the Rule 12(b)(1) motion into a Rule 56 summary judgment motion. *Id*. at 916.

#### B. The Plaintiffs Lack Standing

Article III of the United States Constitution limits the jurisdiction of federal courts to "cases" and "controversies." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014) (q*uoting U.S. CONST., Art. III, § 2*). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2015). Standing is necessary for a court to exercise jurisdiction and is a threshold question that must be answered to determine if the court has the power to entertain the suit. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). If the plaintiff fails to establish standing, a

4

court must dismiss the complaint for lack of subject matter jurisdiction. *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017). The plaintiff bears the burden of establishing standing. *Spokeo,* 578 U.S. at 338.

To establish standing under Article III of the U.S. Constitution, a plaintiff must establish the following:

1. That the plaintiff has suffered an injury in fact;
2. That it is fairly traceable to the challenged conduct of the defendant; and
3. That it is likely to be redressed by a favorable judicial decision.

*Id.* (*citing Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992).

These elements are assessed by the court as of the time the complaint was filed. *Davis v. FEC*, 554 U.S. 724, 732 (2008). As the *Lujan* Court noted, "[t]he existence of federal jurisdiction ordinarily depends on the facts **as they exist when the complaint is filed**." 504 U.S. at 569, n.4 (emphasis in original). If the plaintiff fails to establish standing, the court must dismiss the complaint for lack of subject matter jurisdiction. *Lyshe,* 854 F.3d at 857.

To establish an injury in fact, a plaintiff must "show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"." *Spokeo,* at 339 (*quoting Lujan,* 509 U.S. at 560); *see also Finesse Express, LLC v. Total Quality Logistics, LLC*, 2021 U. S. Dist. LEXIS 60648 (March 30, 2021). In order for an injury to "concrete", it must actually exist. *Id.* at 340. (*citing* Black's Law Dictionary 506, 10th Ed. 2014). Concrete injuries can be either tangible or intangible. *Id.* at 339. "In determining whether intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Id.*

History plays a role because the courts have found it "instructive to consider whether an alleged intangible harm has a close relationship to a harm that is traditionally been regarded as providing a

5

basis for a lawsuit in English or American courts." *Id.* at 341. In addition, Congress' judgment is also instructive and important because it can identify intangible harms that meet minimum Article III requirements. *Id.* However, the role of Congress in identifying and elevating intangible harms does not mean that a Plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and proports to authorize that person to sue to vindicate that right. *Id.* Article III standing still demands a concrete injury even if there is a statutory violation. *Id.*

Plaintiffs' Complaint fails to establish that they have standing to bring their claims. As will be shown, they cannot meet any of the three elements to establish standing under Article III of the U.S. Constitution.

### 1. The Plaintiffs have not suffered an injury in fact

Plaintiffs have suffered no "invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent" as those requirements are defined in *Spokeo*, *Id.* at 340. Indeed, a fair reading of Plaintiffs' Complaint demonstrates that they have admitted that no such injury exists or is imminent, and that it is their fears of what might happen which serve as the basis of their claims. In examining Plaintiffs' Complaint, their own allegations demonstrate that no injury has yet occurred. Plaintiffs allege that the resolution raises "numerous questions in the minds of teachers and students about the permissible scope of instruction and discussion". (Doc 1 PAGE ID # 20). Plaintiffs' Complaint is replete with questions about what the resolution will allow or prohibit and describes possible outcomes with uncertain language such as "teachers may not fully teach and explore these topics with students"; "IU wonders how health and history classes will be taught"; one Plaintiff "feels confused and frightened of what [the resolution] is about" and Plaintiff Sarah Updike claims to be "unclear on what educators may and may not do under the resolution, and what we may and may not teach and discuss." (Doc. 1, PAGE ID # 12, 15, 26). These claimed injuries are not particularized, personal and individual, or real and not abstract. These

are simply fears of Plaintiffs about what might happen in the future; not what has already occurred. As is evidenced by the Affidavit of Larry Hook, no School Board policies, procedures or curriculum have been changed as a result of the resolution. In fact, Plaintiffs have stipulated that no such changes will occur during the pendency of litigation.

With respect to Plaintiffs' First Amendment claims, the Plaintiffs further lack standing because their fears of what might happen in the future are not an adequate substitute for "a claim of specific present objective harm or a threat of specific future harm." *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972). The *Laird* court noted that the injury in fact alleged by the Plaintiffs was the basis of subjective perceptions, beliefs and apprehensions; much like the Plaintiffs in this case. *Id. at 13.* Without more, these allegations of the Plaintiffs are insufficient to justify this Court's jurisdiction. The Sixth Circuit has routinely held that no standing exists where a First Amendment plaintiff only alleges inhibition of speech without proof of a concrete harm. *Grendell v. Ohio Supreme Court*, 253 F.3d 828, 834 (6th Cir. 2001).

2. **The Plaintiffs have no claimed injury which is fairly traceable to the resolution nor that can be redressed by a judicial decision**

The last two requirements to establish standing under Article III require that the Plaintiffs show how their injury is traceable to the Defendants' conduct or how their injury can be redressed by a favorable judicial decision. *Spokeo*, 578 U.S. at 338. Traceability requires that the Defendants' action have a "causal connection" to the Plaintiffs' injury. *Lujan*, 504 U.S. at 560. Indirect harms typically fail to meet this element because harms that result from the independent actions of third parties are generally not traceable to the Defendant. *Turaani v. Wray*, 988 F.3d 313, 316 (6th Cir. 2021). An indirect theory of traceability requires that the government defendant cajole, coerce, or command the third party. *Id.* Venturing vague concerns does none of the above. *Id.*

On the other hand, redressability "focuses…on whether the injury that a Plaintiff alleges is likely to be redressed through the litigation." *Sprint Communs Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 287 (2008). Redressability means that it is likely and not merely speculative that the Plaintiffs injury will be remedied by the relief that the Plaintiff seeks in bringing suit. *Lujan,* 504 U.S. at 560 – 561.

Plaintiffs have failed to claim an injury that is fairly traceable to the resolution because they have suffered no harm nor are they likely to. None of the feared changes to the curriculum referred to in Plaintiffs' complaint have occurred. (Aff. at Larry Hook at ¶¶ 23, 27). These ephemeral concerns are not concrete enough to satisfy the standing requirement. Moreover, the fact that the School Board passed a resolution, without more, precludes the Plaintiffs from suffering any actual or potential injury without more action by the School Board. As for the redressability requirement of standing, without an actual injury, there is nothing to be redressed in this lawsuit. Accordingly, it is merely speculative that any injury of the Plaintiffs will be remedied by this lawsuit.

### C. The Individual Defendants Should Be Dismissed

Plaintiffs have sued the six individual Defendants in their official capacities as either a School Board Member or the incoming Superintendent. (Doc. 1 PAGE ID #16). Official capacity claims are claims against the political entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165 – 66 (1985). The principal entity, the Board of Education of the Forest Hills School District, is named as a Defendant and thus the official capacity claims against the individual Defendants are redundant. *Parson v. Homer*, 2013 U.S. Dist. LEXIS 139340 at *6. The court should not permit these redundant claims to stand and should dismiss the individual Defendants since they are only sued in their official capacity which is more properly a claim against the School Board itself.

Furthermore, Defendant Larry Hook warrants dismissal for grounds particular to his situation. He was not employed by the Board of Education of the Forest Hills School District until August 1, 2022.

Therefore, he had no role in drafting or passing the resolution as that occurred on June 22, 2022. (Doc 1, PAGE ID # 4). Certainly, Mr. Hook can bear no responsibility for the drafting of the resolution as he was not employed at the time it was passed.

Accordingly, all of the individual Defendants should be dismissed as they are only sued in the official capacities and School Board can serve as the proper Defendant for such claims.

### IV. CONCLUSION

For the foregoing reasons, the Defendants move this court to dismiss Verified Complaint.

Respectfully Submitted,

/s/ Bernard W. Wharton
R. Gary Winters, Esq. (0018680)
Bernard W. Wharton Esq. (0063487)
Ian R. Smith, Esq. (0068195)
McCaslin, Imbus & McCaslin
600 Vine Street, Suite 800
Cincinnati, OH 45202
(513) 421-4646 phone
(513) 421-7929 fax
bwwharton@mimlaw.com
*Attorney for Defendants Sarah Jonas,
Linda Hausfeld, Bob Bibb, Katie Stewart
Leslie Rasmussen, Larry Hook, Board of
Education of the Forest Hills School District
and The Forest Hills School District*

### CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of August, 2022, a copy of the foregoing document was filed electronically and served through the court's electronic filing system via email to all parties of record.

/s/ Bernard W. Wharton
Bernard W. Wharton

G:\JEN\Forest Hills - Updike 22-06-28\Pleadings\Motion to Dismiss Verified Complaint.docx