**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **SARAH UPDIKE,** *et al.* | : | Case No. 1:22-cv-00374 |
| | : | |
| Plaintiffs, | : | Judge Michael R. Barrett |
| | : | |
| v. | : | **PLAINITFFS' MOTION FOR AN** |
| | : | **EXTENSION OF TIME TO RESPOND** |
| **SARA JONAS,** *et al.* | : | **TO DEFENDANTS' MOTION TO** |
| | : | **DISMISS PLAINTIFFS' FIRST** |
| Defendants. | : | **AMENDED COMPLAINT** |
| | : | |

Plaintiffs hereby move for a 63-day extension of time, up to and including January 4, 2023, within which to file their response to Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 29), to allow Plaintiffs time to conduct discovery prior to responding to Defendants' Motion.[1]  A memorandum in support follows, and a proposed Order is attached.

Dated:  November 2, 2022          Respectfully submitted,

                         *s/ Nicole M. Lundrigan*
                         W. Kelly Lundrigan (0059211)
                         Nicole M. Lundrigan (0075146)
                         Lundrigan Law Group Co, LPA
                         1080 Nimitzview Drive, Suite 402
                         Cincinnati, Ohio 45230
                         Phone (513) 813-7610
                         klundrigan@lundrigan-law.com
                         nlundrigan@lundrigan-law.com
                         *Attorneys for Plaintiffs*

---

[1] Plaintiffs sent Defendants a proposed Agreed Order with this requested extension, but have not received a response indicating whether Defendants would consent to the same as of the filing of this Motion.

**MEMORANDUM IN SUPPORT**

On October 12, 2022, Defendants filed their Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 29), made pursuant to Civil Rules 12(b)(6) and 12(b)(1). Defendants argue Plaintiffs' lack standing to pursue their claims, and cite to evidence outside of the Amended Complaint contained in the Affidavit (with exhibits) of Larry Hook. *See id.*; *see also* Doc. 23. Among other things, Defendants argue Plaintiffs have suffered no injury and there is no imminence of any injury caused by the Resolution at issue in the lawsuit, because, per the Affidavit of Larry Hook, the Resolution passed by the School Board is not a policy. *See id.* Mr. Hook further indicates there is a specific process that must be followed for the School Board to take and implement action, that this process was not followed with respect to the Resolution, and, therefore, the passage of the Resolution is not sufficient to constitute a policy. *See* Doc. 23. As a result, Defendants argue in their Motion the Resolution is not a policy, no action has been taken to implement or enforce the Resolution, and there is and can be no injury or imminence of injury for standing purposes.

Plaintiffs disagree and contend, among other things, that Defendants take and implement action on a regular basis other than through the process described by Mr. Hook, the process described by Mr. Hook is not accurate and/or not the exclusive method by which the Board takes action, the Resolution is a policy for purposes of Plaintiffs' §1983 claim, Defendants have taken steps to enforce and implement the Resolution (including certain actions in violation of the Stipulation entered by the parties and Court), and the Resolution and Defendants' actions have already caused injury and further injury is imminent. Plaintiffs need to conduct discovery prior to responding to Defendants' Motion to Dismiss the First Amended Complaint on issues relating to standing, including with respect to these issues.

2

On October 12, 2022, the Court and the parties held an informal conference to discuss these discovery issues. The Court indicated Plaintiffs were clearly entitled to some discovery prior to responding to the Motion to Dismiss, including depositions, and instructed the parties to conduct their Rule 26(f) conference and meet and confer to discuss the discovery further.[2] On October 18, 2022, counsel for Plaintiffs and counsel for Defendants held a telephone conference to discuss the discovery. Plaintiffs' counsel indicated their intent to conduct discovery on issues related to standing, and made an initial request for the depositions of Defendants Superintendent Hook, Dr. Rasmussen, and Ms. Jonas. As a result of this request, counsel for Defendants indicated that new substitute counsel would likely be required for one or more Defendants. Counsel for Defendants thereafter indicated substitute counsel, Nicole Mitchell, Esq., will be making an appearance for Defendant Dr. Rasmussen. Counsel for Plaintiffs have followed up repeatedly with counsel for Defendants (including new substitute counsel, Ms. Mitchell), seeking to schedule the requested depositions. As of this date, counsel for Defendants have not provided firm, confirmed dates for the depositions. Yesterday, counsel for Defendants indicated his intent to request another conference with the Court to discuss the scope of questioning at the depositions.

Plaintiffs need to conduct discovery, including depositions, prior to responding to Defendants' Motion to Dismiss, and this Court has already indicated Plaintiffs are entitled to discovery prior to responding. Plaintiffs have continually and repeatedly sought to schedule depositions, but have not yet received firm dates from Defendants, and Defendants' counsel has

---

[2] The fact that the Court was going to permit discovery, including depositions, should not have been a surprise to Defendants as the Court previously warned Defendants to prepare to submit to the same. Following the filing by Plaintiffs of their Motion for Preliminary Injunction, prior to the filing of the Stipulation, the Court told counsel for Defendants that if they responded to the Motion with materials outside of the pleadings, then they needed to be prepared to immediately submit to depositions.

3

indicated an intent to seek another conference with the Court to discuss the scope of the depositions.

As a result of the foregoing, and as a result of the upcoming holidays, Plaintiffs respectfully request that this Court grant them an additional 63 days, up to and including January 4, 2023, within which to respond to Defendants' Motion to Dismiss (Doc. 29).

Dated: November 2, 2022          Respectfully submitted,

                                           *s/ Nicole M. Lundrigan*
                                           W. Kelly Lundrigan (0059211)
                                           Nicole M. Lundrigan (0075146)
                                           LUNDRIGAN LAW GROUP CO, LPA
                                           1080 Nimitzview Drive, Suite 402
                                           Cincinnati, Ohio 45230
                                           Phone (513) 813-7610
                                           klundrigan@lundrigan-law.com
                                           nlundrigan@lundrigan-law.com
                                           *Attorneys for Plaintiffs*

Of Counsel:

Mark D. Rosenbaum
Admitted *Pro Hac Vice*
Public Counsel
610 South Ardmore Avenue
Los Angeles, California 90005
(213) 385-2977
mrosenbaum@publiccounsel.org

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the Court's CM/ECF electronic filing services and served upon all parties of record on the 2nd day of November, 2022.

                                           *s/ Nicole M. Lundrigan*