IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **SARAH UPDIKE,** *et al.* | : | Case No. 1:22-cv-00374 |
| Plaintiffs, | : | |
| | : | Judge Michael R. Barrett |
| v. | : | |
| | : | **PLAINITFFS' MOTION FOR LEAVE** |
| **SARA JONAS,** *et al.* | : | **TO FILE SECOND AMENDED** |
| | : | **COMPLAINT** |
| Defendants. | : | |

Plaintiffs hereby move, pursuant to Civil Rule 15(a)(2) for leave to file their Second Amended Complaint in this action. As set forth herein, additional evidence of Defendants' enforcement of the Resolution and the corresponding harm and injury to Plaintiffs, has been discovered and has been included in the proposed Second Amended Complaint. In addition, although Defendants have previously taken the position in this litigation that the Resolution was merely a non-enforceable "vision statement," Defendants have now admitted it is legislation of the Board.[1] Both topics are highly relevant to Plaintiffs' standing in this case and their response to the arguments raised in Defendants' Motion to Dismiss. A memorandum in support follows. Plaintiffs propose to file a Second Amended Complaint in substantially the form of the attached Exhibit A.

---

[1] Prior to filing this Motion, counsel for Plaintiffs requested consent from Defendants to file a Second Amended Complaint. Counsel for Defendant Dr. Leslie Rasmussen indicated he was unable to determine whether he could consent until he reviewed the proposed Second Amended Complaint with his client. Counsel for the remaining Defendants have indicated they do not consent.

Dated: February 10, 2023            Respectfully submitted,

*s/ Nicole M. Lundrigan*
W. Kelly Lundrigan (0059211)
Nicole M. Lundrigan (0075146)
LUNDRIGAN LAW GROUP CO, LPA
1080 Nimitzview Drive, Suite 402
Cincinnati, Ohio 45230
Phone (513) 813-7610
klundrigan@lundrigan-law.com
nlundrigan@lundrigan-law.com
*Attorneys for Plaintiffs*

Of Counsel:

Mark D. Rosenbaum
Admitted *Pro Hac Vice*
Public Counsel
610 South Ardmore Avenue
Los Angeles, California 90005

## MEMORANDUM IN SUPPORT

Plaintiffs filed their First Amended Complaint on September 14, 2022 (Doc. 26). On October 12, 2022, Defendants filed their Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 29), made pursuant to Civil Rules 12(b)(6) and 12(b)(1). Defendants' primary argument is Plaintiffs lack standing to pursue the claims alleged in the lawsuit. Defendants have asked the Court to look to matters outside of the pleadings -- namely the Affidavit of Larry Hook with numerous exhibits filed by Defendants with their Motion to Dismiss -- in rendering a decision on their Motion to Dismiss (Doc. 25).

Since the filing of Plaintiffs' First Amended Complaint, Defendants have taken additional actions to enforce the Resolution and Plaintiffs have discovered other previously unknown actions taken by Defendants to enforce the Resolution. Upon information and belief, including based upon

2

a review of the public records request log of FHSD, Defendants' actions to enforce the Resolution are continuing to date despite the Stipulation entered in this case.

Following Defendants' filing of their Motion to Dismiss First Amended Complaint, Plaintiffs requested discovery on issues relating to Defendants' standing arguments, to which the Court indicated Plaintiffs were entitled. Three depositions were requested by Plaintiffs (Larry Hook, Leslie Rasmussen, and Sara Jonas), and these depositions were taken on November 17, December 14 and December 21, 2022. The deposition testimony confirmed many of the incidents set forth in the First Amended Complaint, and revealed additional actions taken by Defendants to enforce the Resolution and additional harm and injury suffered by Plaintiffs.

The additional actions taken by Defendants to enforce the Resolution, and other information relevant to Plaintiffs' standing in this case, which are addressed in the Proposed Second Amended Complaint include, but are not limited to the following:

(1) Despite previously taking the position in this litigation, including in their Motion to Dismiss, that the Resolution is a merely a non-enforceable vision statement, Defendants have now admitted it is legislation of the Board. Defendants' counsel objected and Defendant Sara Jonas (the author of the Resolution) refused to answer certain questions about the Resolution on the basis of "legislative privilege," which is applicable only to legislative acts and not to non-binding "visions."

(2) Many of the statements contained in Defendant Hook's affidavit filed by Defendants with their Motion to Dismiss have been refuted, controverted or further explained in deposition testimony.

(3) The majority of Defendant board members hand-picked a superintendent (Defendant Hook) who was willing to enforce the Resolution and "take the arrows" for the Board;

(4) Following passage of the Resolution and entry of the Stipulation in this case, an FHSD educator was referred by the Board to administration for violating FHSD "policy" as a result of her use of pronouns and a link explaining their importance in her signature block. Defendant Jonas has admitted the only "policy" to which this could have referred and which this educator violated is the Resolution.

(5) Following passage of the Resolution and entry of the Stipulation in this case, certain members of the Board sought to further enforce the Resolution by making a motion at a Board meeting to require students to use the bathroom of their biological sex at birth,

rather than the bathroom of the gender with which they identify. This motion was directed at trans students, including student Plaintiffs herein. At least one board member has admitted this motion was an action to further enforce the Resolution, specifically with respect to its prohibitions concerning the consideration of gender identity and sex in the administration of academic programs and systems and otherwise in student education.

(6) Upon information and belief, certain members of the Board have prepared a further resolution regarding bathroom use by trans students, including student Plaintiffs herein, which they intend to present and enforce in the coming weeks. This is further action which is already underway to further implement and enforce the Resolution.

(7) Individualized assessments and surveys of student needs were cancelled following passage of the Resolution and have not resumed during this school year. Educators, including school counselors, fear that conducting individual surveys and evaluations to identify and address student needs, which necessarily requires the evaluation of factors affecting the student including topics banned by the Resolution such as gender identity, race, culture, and socioeconomic status, will result in discipline for violation of the Resolution. As a result, students, including student Plaintiffs, are being denied equal protection including equal access to education, and equal access to educational resources, opportunities, and facilities. At least one student Plaintiff is so fearful as a result of Defendants' hateful and hostile actions directed at trans students that he does not use the restroom at all during the school day.

(8) Upon information and belief, in a further effort to implement the Resolution, certain Defendant Board Members are evaluating or are forming a committee to review books in the middle school library in an effort to eliminate those which address topics banned by the Resolution.

All of the foregoing are relevant and demonstrate Plaintiffs' standing in this case. As this Court is aware, to establish standing, a plaintiff must show (1) an injury in fact, (2) a causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision. *See, e.g., Susan B. Anthony List v. Driehaus,* 573 U.S. 149, 157–58 (2014). However, pre-enforcement challenges are permissible, and an actual arrest, prosecution or other enforcement action is not a prerequisite to challenging the law at issue. *See id.* at 158-59. "[A] plaintiff satisfies the injury-in-fact requirement where he alleges 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder.' " *Id.* (quoting *Babbitt v.*

4

*Farm Workers,* 442 U.S. 289, 298 (1979)); *see also Fischer v. Thomas*, 52 F.4th 303, 307–09 (6th Cir. 2022) (finding judicial candidates had pre-enforcement standing to challenge law on First Amendment grounds). Courts have considered the following factors in determining whether a credible threat of enforcement exists and have found it to exist in these circumstances: (1) a history of enforcing the challenged provision against the plaintiffs *or others*, (2) warning letters, (3) a regulatory regime which makes enforcement easier or more likely, and/or (4) the refusal of the entity to disavow enforcement of the challenged provision. *See Fischer,* 52 F.4th 303, 307-308.

In addition, standing is applied more loosely in the First Amendment context. Where, as here, a statute is challenged on vagueness or overbreadth grounds, these doctrines "provide an exception to the traditional rules of standing and allow parties not yet affected by a statute to bring actions under the First Amendment based on a belief that a policy is so broad or unclear that it will have a chilling effect*." Ison v. Madison Loc. Sch. Bd.,* 395 F. Supp. 3d 923, 931–32 (S.D. Ohio 2019), reversed in part by *Ison v. Madison Loc. Sch. Dist. Bd. of Educ.,* 3 F.4th 887, 894 (6th Cir. 2021) (finding policy was viewpoint discriminatory and not content-neutral as determined by district court). The overbreadth doctrine is "an exception to traditional rules of standing and is applicable only in First Amendment cases in order to ensure that an overbroad statute does not act to 'chill' the exercise of rights guaranteed protection." *Miller v. City of Cincinnati*, 709 F. Supp. 2d 605, 626–27 (S.D. Ohio 2008), *aff'd,* 622 F.3d 524 (6th Cir. 2010) (internal citations and quotations omitted).

In addition to the foregoing, plaintiffs, such as the student Plaintiffs here who have made First Amendment claims based upon the denial of access to information and ideas, need only allege a ready and willing speaker and denial of access to information as a result of the challenged statute, to have standing. *See Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc*.,

5

425 U.S. 748, 756–57 (1976); *Minarcini v. Strongsville City Sch. Dist.*, 541 F.2d 577, 583 (6th Cir. 1976).

Finally, with respect to Equal Protection claims which are also alleged in this case and which Plaintiffs seek to further expand in their Second Amended Complaint, a plaintiff has suffered "injury in fact" and has standing to challenge a legislative enactment when the plaintiff is a member of the group who is unable to compete or obtain benefits on equal footing with others. *See Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656, 666, 113 S. Ct. 2297, 2303, 124 L. Ed. 2d 586 (1993); *Perrea v. Cincinnati Pub. Sch.,* 709 F. Supp. 2d 628, 640 (S.D. Ohio 2010). The "denial of equal treatment resulting from the imposition of the barrier," is the "injury in fact" for standing purposes. *Sullivan v. Benningfield*, 920 F.3d 401, 408 (6th Cir. 2019); *Vitolo v. Guzman*, 999 F.3d 353, 358–59 (6th Cir. 2021).

The foregoing caselaw makes clear the additional information obtained and discovered by Plaintiffs and contained in their proposed Second Amended Complaint is highly relevant to the merits of this action, including with respect to Plaintiffs standing to bring this action which is being challenged by Defendants. Civil Rule 15 contains a liberal amendment standard and provides courts should "freely give leave when justice so requires." Fed. Civ. R. 15(a)(3). Courts consider several factors in evaluating the interests of justice, including undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001). "Courts have interpreted the language in Rule 15(a) as setting forth a 'liberal policy of permitting amendments to ensure the determination of claims on their merits.'" *Id.* (quoting *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir.1987)).

Here, Plaintiffs have acted with diligence in taking depositions on dates that were available to the deponents and all counsel in the case, and in now seeking to amend based upon information obtained since the filing of their First Amended Complaint and from the depositions. Other than the limited discovery concerning standing permitted by the Court, discovery has not commenced in this action as the Rule 26(f) conference has not been conducted (due to Defendants' motion to dismiss) nor a scheduling order established by the Court. No trial date has been established. There is no undue prejudice to Defendants, and Plaintiffs' amended pleading is not futile. Accordingly, Plaintiffs respectfully submit this Court should grant them leave to file a Second Amended Complaint.

Plaintiffs seek to file a Second Amended Complaint in substantially the form of the attached Exhibit A. However, because matters concerning the Resolution continue to evolve, specifically with respect to further actions by the Board to further enforce the Resolution via motions and other enactments, Plaintiffs seek to reserve the right to add additional facts and allegations which may come to light between the filing of this Motion for Leave and the actual filing of Plaintiffs' Second Amended Complaint.

For the foregoing reasons, Plaintiffs respectfully request the Court to grant them leave to file a Second Amended Complaint.

Dated: February 10, 2023

Respectfully submitted,

*s/ Nicole M. Lundrigan*
W. Kelly Lundrigan (0059211)
Nicole M. Lundrigan (0075146)
LUNDRIGAN LAW GROUP CO, LPA
1080 Nimitzview Drive, Suite 402
Cincinnati, Ohio 45230
Phone (513) 813-7610
klundrigan@lundrigan-law.com
nlundrigan@lundrigan-law.com
*Attorneys for Plaintiffs*

Of Counsel:

Mark D. Rosenbaum
Admitted *Pro Hac Vice*
Public Counsel
610 South Ardmore Avenue
Los Angeles, California 90005
(213) 385-2977
mrosenbaum@publiccounsel.org

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the Court's CM/ECF electronic filing services and served upon all parties of record on the 10th day of February, 2023.

*s/ Nicole M. Lundrigan*

8