UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SARAH UPDIKE and JAMES UPDIKE Individually and as parents and next Friends of their minor children I.U, A.U. and K.U. , et al. | : | Case No.: 1:22-cv-00374 |
| | : | JUDGE MICHAEL BARRETT |
| | : | MAGISTRATE STEPHANIE BOWMAN |
| Plaintiffs | | |
| vs. | : | |
| BOARD OF EDUCATION OF FOREST HILLS SCHOOL DISTRICT, et al. | : | **DEFENDANTS', BOB BIBB, LINDA HAUSFELD, LARRY HOOK, SARA JONAS, KATIE STEWART, AND FOREST HILLS BOARD OF EDUCATION MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| Defendants. | : | |
| | : | |
| | : | |

In response to Plaintiffs' Motion for Leave to File Second Amended Complaint,

Defendants Bob Bibb, Linda Hausfeld, Larry Hook, Sara Jonas, Katie Stewart, and the

Forest Hills Board of Education (collectively hereinafter "Forest Hills"), hereby submit

their Memorandum in Opposition to Plaintiffs' Motion. Plaintiffs' Motion should be denied

as the proposed amendments are futile and would not survive a motion to dismiss

pursuant to Rule 12(b)(1) or 12(b)(6).

I.     **NATURE OF CASE**

A. **Procedural History**

This matter began with a Complaint filed on June 29, 2022 (Doc. No. 1).  When

Forest Hills filed a Motion to Dismiss for Lack of Jurisdiction on August 24, 2022,

Plaintiffs decided not to reply with any substance but instead filed an Amended Complaint on September 14, 2022. (Doc. No. 22, Doc No. 26).

Forest Hills then filed a Motion to Dismiss Plaintiffs' First Amended Complaint on October 12, 2022. (Doc. No. 29). After limited discovery and an extension of time for the Plaintiffs to respond, the Plaintiffs filed the instant Motion for Leave to File a Second Amended Complaint on February 10, 2023. (Doc. No. 45). In response, Forest Hills now presents this Memorandum in Opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint.

## B. Deposition Testimony Undermines Allegations in Plaintiffs' Proposed Second Amended Complaint

The three depositions Plaintiffs took during the limited discovery permitted by the Court do not support any of the new allegations made by the Plaintiffs in their proposed Second Amended Complaint. What the deposition testimony reveals is that Plaintiffs' allegations are not supported by the record.

### 1. The Resolution is not a School Board policy

What is undisputed from these depositions is that the Resolution is not Board policy. (Doc. No. 39, PAGEID #313-315; Doc. No. 43, PAGEID #1037, 1040; Doc. No. 44, PAGEID #12147-1250). Defendant Leslie Rasmussen, who along with Defendant Katie Stewart voted against the Resolution, testified that the Resolution is not an official policy and that it did not go through the formal process to become policy. (Doc. No. 44, PAGEID #1247-1248). Her testimony is based on the fact that she sits on the Board's

policy committee which would have to review potential policy changes prior to any Board vote occurring and the Resolution did not follow that process. (*Id.*)

Defendant Larry Hook, the current Superintendent, testified that the resolution has no directive to create policy contained within it. (Doc. No. 44, PAGEID #1031-1032). Mr. Hook testified that the Resolution is not a Board policy; rather, it is a statement of belief. (*Id.* at PAGEID #1040, 1046). Mr. Hook also testified that resolutions can be directive in nature such as a resolution to put something on the ballot and to direct the treasurer to work on the ballot item. (*Id.* at PAGEID #1031-1032). However, some resolutions are simply statements of position, such as resolutions being sent to the legislature opposing a proposed bill or law. (*Id.*). The Resolution at issue has no directive to create policy and does not impact curricula issues. (*Id.* at PAGEID #1031-1032, 1047-1048).

Defendant Sara Jonas, the Board Member who presented the Resolution, testified that the Resolution wasn't passed to create Board policy changes; it was a statement of belief. (Doc. No. 39, PAGEID #313-315). The Resolution was never intended to be enforced because the only way to enforce the Resolution is to create policy. (*Id.* at PAGEID #315).

## 2. There is no prohibition against having pronouns in school email signatures

Plaintiffs allege in their proposed Second Amended Complaint that a Forest Hills teacher supposedly violated "policy" as a result of the presence of her pronouns and a link explaining their importance of pronouns in the signature block of her school email

3

account. However, Mr. Hook testified that there was no issue with the teacher's use of pronouns, rather, the concern was that she linked to an external website over which the school had no control. (Doc. No. 44, PAGEID #1121-1123). Any external sites linked to in a school email account need to be approved. (*Id.*).

### 3. The C.A.R.E. program was disbanded by the prior superintendent before the Resolution was passed

In their proposed Second Amended Complaint, Plaintiffs allege that the C.A.R.E. Committee was disbanded in January of 2022, several months before the Resolution was passed. (Doc. No. 45-1, PAGEID #456). Plaintiffs also cite the deposition testimony of Defendant Leslie Rasmussen alleging that the prior superintendent had been told by the incoming Board Members, including the current individual Defendants, to end the C.A.R.E. program. (*Id.*). However, Ms. Rasmussen's testimony actually is that the C.A.R.E. Committee stopped meeting during the COVID pandemic. (Doc. No. 44, PAGEID #1306). Ms. Rasmussen further testified that the prior superintendent had ended the C.A.R.E. team prior to the new Board Members taking office. (Id. at PAGEID #1306-1308). Ms. Rasmussen expressly said that the C.A.R.E. team "was sort of just put on pause while being reassessed. And then there was an election and then the new Board came on." (Id. at PAGEID #1308). Sara Jonas echoed Ms. Rasmussen's testimony that the C.A.R.E. program had been disbanded under the prior Board Members (which included Ms. Rasmussen) before Ms. Jonas and the other new Board Members took office. (Doc. No. 39, PAGEID #291-292).

4

### 4. Diversity Day was not cancelled by the School Board

The deposition testimony and the evidence in the record is clear that Diversity Day at Turpin High School in the Spring of 2022 was never cancelled by the School Board. (Doc. No. 39, PAGEID #336). Rather, the Board moved for Diversity Day not to be paid for by school funds and that it must take place after school hours. (Id. at PAGEID. #338). The Board meeting minutes for the May 1, 2022 meeting where the Board action concerning Diversity Day occurred were marked as Exhibit 14 to the deposition of Sara Jonas. These minutes reveal that Defendant Bob Bibb moved that Diversity Day not proceed during school hours and shall not be conducted or further organized during school hours or through the use of school or taxpayer resources. (Doc. No. 39-4, PAGEID #517). That motion was carried with no opposition by any of the individual Board Member Defendants, including Leslie Rasmussen and Katie Stewart. (Id at PAGEID #518).

## II.   ARGUMENT OF LAW

### A. Standards For Motions to Amend Complaints

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of course within 21 days after a responsive pleading is served. *Fed. R. Civ. P.* 15(a)(1). Rule 15(a)(2) further provides that a party may amend its pleading on leave of court. The Rule also states that leave shall be freely given when justice so requires.

However, a district court may deny leave to amend in cases of undo delay, undo prejudice to the opposing party, repeated failure to cure deficiencies by amendment

previously allowed, or futility. *Beydoun v. Sessions* 871 F.3d 459, 469 (6th Cir. 2017). A proposed amendment is futile if the amendment could not withstand a motion to dismiss under Rule 12(b)(6). *Riverview Health Inst. LLC v. Med. Mut. Of Ohio* 601 F.3d 505, 520 (6th Cir. 2010).

## B. **Plaintiffs' Proposed Second Amended Complaint is Futile Because it Would Not Survive a Motion to Dismiss**

Plaintiffs' Proposed Second Amended Complaint contains allegations from Plaintiffs' First Amended Complaint which was amended by right without any opposition from the Defendants. The amendments contained in both Plaintiffs' First Amended Complaint and Plaintiffs' Proposed Second Amended Complaint are futile because they would not survive a motion to dismiss.

### 1. The individual Defendants are not proper parties

As pointed out in Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, the six individual Defendants, including the five represented by the undersigned counsel, have only been sued in their official capacities as either a School Board Member or as the Superintendent. Official capacity claims are claims against the political entity itself and because the School Board is the political entity that can sue or be sued, it is the only Defendant appropriate in this matter. Accordingly, Plaintiffs' Proposed Second Amended Complaint should not contain any claims against the individual Defendants in their official capacity as has been proposed by the Plaintiffs.

6

### 2. The Plaintiffs lack standing to sue

As outlined in Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, the substantive argument which is incorporated by reference herein so as to not lay it out again, the Plaintiffs have no standing to sue for the allegations contained in either the First Amended Complaint or the Proposed Second Amended Complaint. It is clear from a review of the proposed Second Amended Complaint that none of the individual Plaintiffs have suffered a concrete and particularized injury as a result of the allegations.

### 3. Plaintiffs can bring no claims without Board action

A significant part of Plaintiffs' Proposed Second Amended Complaint concerns allegations that Defendant Katie Stewart made a motion concerning bathroom usage being matched to students' sex as assigned at birth. (Doc. No. 45-1, PAGEID #1471). Plaintiffs claim that the Resolution is a cause of Defendant Katie Stewart's motion. However, there is no allegation that the Board voted on the motion or that the motion has had any effect. Moreover, there is no allegations that the Board has taken any action based on this motion. The School Board cannot be subject to any claim simply because a motion has been made but not passed concerning this issue. Furthermore, Defendant Katie Stewart voted against the Resolution and thus it is not logical to claim that a Board Member who opposed the Resolution is now taking action to enforce the Resolution.

Plaintiffs also allege in the Proposed Second Amended Complaint that certain Defendant Board Members are evaluating or are forming a committee to review books in the Middle School Library in an effort to eliminate those that address topics banned

7

by the Resolution. Again, there has been no Board action on which the Plaintiffs can base a claim concerning these allegations. These are unfounded fears of what the School Board might do in the future with respect to banning books. Such allegations do not provide standing for the Plaintiffs to bring such claims. Speculation about possible future action by the School Board does not converse standing upon the Plaintiffs and certainly does not constitute any particularized and concrete injury to the Plaintiffs.

These allegations serve to reinforce the lack of standing the Plaintiffs have in this lawsuit. Fears that the Board might pass a motion at some unknown time support a finding that not only did the Plaintiffs not suffer any concrete and particularized injury as a result of the motion not passing, but that there has been no injury whatsoever. Accordingly, these allegations in the Proposed Second Amended Complaint are futile because they would not survive a motion to dismiss.

### 4. The Defendants' use of legislative privilege does not change the force and effect of the Resolution which is a statement of belief

Plaintiffs also argue that the Defendants have admitted that the Resolution is legislation of the Board by the use of the invocation of legislative privilege and the deliberative process privilege during the deposition of Defendant Sara Jonas. Plaintiffs' argument that the invocation of such privileges mean that the resolution is enforceable, is not supported by any logical or legal arguments.

The legislative privilege and the deliberative process privilege are similar but not identical. While the legislative privilege contemplates a deliberative process, not every deliberative process privilege is a legislative privilege. *Doe v, Metro. Gov't of Nashville*, 2021 U.S. Dist. LEXIS 237690 at \*6 (M.D. Tenn., No. 13, 2021). The legislative privilege

8

for state legislators is similar to but not identical to the legislative privilege afforded to federal legislators because the federal legislators legislative privilege is based on the speech or debate clause of the United States Constitution. *Plain Local Sch. Dist. Bd. of Educ. v. DeWine*, 464 F. Supp.3d 915, 920 (S.D. Ohio 2020). Legislative privilege can be used to protect against inquiry into the deliberation and motivations of legislators. *Plain Local Sch. Dist. Bd. of Educ., supra* at 923-924.

The deliberative process privilege was created to protect communications made in the course of formulating government agency decisions on policy matters. *Planned Parenthood Southwest Ohio Region v. Acton*, 2020 U.S. Dist. LEXIS 259583 at *5 (S.D. Ohio 2020). This privilege promotes open and frank discussion of issues related to the adoption of policies for and the making of specific decisions within a government agency. *Id.* Based on these two privileges, inquiries into the drafting of and the motivation behind the Resolution were objected to. Such matters beside being privileged are also irrelevant to Plaintiffs' claims. Plaintiffs' claims concern the force and effect of the Resolution, not how it came about.

As for Plaintiffs' argument that invoking the legislative privilege somehow transforms the resolution into an enforceable policy, the Supreme Court has found that, in the context of legislative immunity, acts that occurred in the regular course of the legislative process are covered. *U.S. v. Brewster*, 408, U.S. 501, 513-14 (1972). Given that the legislative privilege arises out of legislative immunity, it makes sense that acts that occur in the regular course of the legislative process are protected by legislative privilege. Voting on motions and/or resolutions, no matter the effect such motions or resolutions are quintessential legislative acts. The fact that the legislative privilege

9

attaches to those acts does not bear on the force and effect of such legislative acts. Plaintiffs' argument that the use of legislative privilege for legislative acts means that the Resolution is enforceable does not follow.

### 5. Plaintiffs have no valid equal protection claim in the Proposed Second Amended Complaint

Plaintiffs have added a new cause of action in the Proposed Second Amended Complaint at Count V. That claim alleges that Plaintiffs have been denied their equal protection rights under the Fourteenth Amendment as a result of the Resolution. This claim cannot survive a motion to dismiss and, as a result, the amendment should not be permitted. The factual allegations made in the Proposed Second Amended Complaint on Plaintiffs' new equal protection claim center around the bathroom issue on which the Board has taken no action and the allegations that the Plaintiffs are being denied an equal opportunity to speak and receive information as a result of the Resolution. (Doc. No. 45-1 PAGEID #1471-1472). The Proposed Second Amended Complaint alleges that individualized surveys, assessments and evaluations have been prohibited as a result of the Resolution and that this has denied students access to ideas and speech. (*Id.* at PAGEID #1468). However, Dr. Hook's deposition testimony reveals that Forest Hills stopped using a third party needs survey but that Forest Hills is doing their own needs survey. (Doc. No. 1091).

The allegations made in the Proposed Second Amended Complaint simply do not have sufficient weight to trigger any equal protection rights in light of the deposition testimony that no Board actions have occurred on the bathroom issue or the book banning allegations, nor have any needs assessments surveys been taken away completely by Forest Hills. Accordingly, this new equal protection claim in the Proposed

Second Amended Complaint should not be permitted as it would not survive a motion to dismiss and thus is futile.

      6.  <u>The Board has done nothing to enforce the Resolution</u>

The deposition testimony is clear that the School Board has not taken any official action expressly or explicitly based on the Resolution since the Resolution was passed at the June 22, 2022 meeting.  (Doc. No. 44, PAGEID #1342; Doc. No. 43, PAGEID #1031-1032).

## III.  **CONCLUSION OF LAW**

For the foregoing reasons, Forest Hills respectfully submits that the Plaintiffs' Proposed Second Amended Complaint is futile because it would not survive a motion to dismiss.  Accordingly, Forest Hills respectfully requests the Court deny Plaintiffs' Motion for Leave to File Second Amended Complaint.

Respectfully Submitted,

/s/  Bernard W. Wharton
R. Gary Winters, Esq. (0018680)
Bernard W. Wharton Esq. (0063487)
Ian R. Smith, Esq. (0068195)
McCaslin, Imbus & McCaslin
600 Vine Street, Suite 800
Cincinnati, OH 45202
(513) 421-4646 phone
(513) 421-7929 fax
bwwharton@mimlaw.com
*Attorney for Defendants Sarah Jonas,*
*Linda Hausfeld, Bob Bibb, Katie Stewart*
*Larry Hook, Board of Education*
*of the Forest Hills School District*
*and The Forest Hills School District*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of February, 2023, a copy of the foregoing document was filed electronically and served through the court's electronic filing system via email to all parties of record.

/s/ Bernard W. Wharton
Bernard W. Wharton

G:\JEN\Forest Hills - Updike 22-06-28\Pleadings\Memo in Opp to File Sec Amended Complaint.docx