IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **SARAH UPDIKE,** *et al.* | : | Case No. 1:22-cv-00374 |
| | : | |
| Plaintiffs, | : | Judge Michael R. Barrett |
| | : | |
| v. | : | **PLAINITFFS' REPLY IN SUPPORT** |
| | : | **OF MOTION FOR LEAVE TO FILE** |
| **SARA JONAS,** *et al.* | : | **SECOND AMENDED COMPLAINT** |
| | : | |
| Defendants. | : | |

I.  **INTRODUCTION**

Defendants Bob Bibb, Linda Hausfeld, Larry Hook, Sara Jonas, Katie Stewart, and the Forest Hills School District Board of Education[1] oppose Plaintiffs' Motion for Leave to file their Second Amended Complaint by contradicting of the factual allegations made by Plaintiffs in their proposed Seconded Amended Complaint and arguing the merits of the claims.  Defendants quote selectively from deposition transcripts, ignore other deposition testimony and evidence, mischaracterize Board actions, argue other Board actions are not relevant, and conclude the allegations made by Plaintiffs in their proposed Second Amended Complaint are not true and/or not relevant and, therefore, they do not have standing to pursue their claims.  This is not the time nor the place for such arguments.  Merits discovery has not even commenced due to Defendants' objection to the same.  The parties are at the pleadings stage of this case, Defendants' Motion to Dismiss has not been briefed much less decided, and Plaintiffs' allegations will be accepted as true if and when the Motion to Dismiss is re-filed, briefed and a decision rendered.

---

[1] Defendant Dr. Leslie Rasmussen has not filed an opposition to Plaintiffs' Motion for Leave.

As this Court is aware, Civil Rule 15 embodies a liberal amendment standard so that matters may be decided on the merits. Defendants have provided no legitimate basis to deny Plaintiffs' request for leave to amend. In reality, Defendants seek to prevent Plaintiffs from amending their Complaint because they seek to continue to operate in the shadows and avoid public disclosure and scrutiny of their continuing illegal and unconstitutional actions, which have continued despite the Stipulation entered in this case. Defendants seek to prevent this evidence from becoming part of Plaintiffs' Complaint when the issue of standing is later briefed in this case and to further prevent Plaintiffs from engaging in merits discovery on the issues. While Plaintiffs' Motion for Leave contains a summary of the multiple categories of additional evidence and allegations contained in Plaintiffs' proposed Second Amended Complaint, since the filing of Plaintiffs' Motion for Leave, Plaintiffs have also confirmed that certain Defendant Board Members have taken action to draft an additional policy in furtherance of the Resolution. The same Defendants who have opposed Plaintiffs' Motion for Leave have refused to produce the new draft policy in response to public records requests. This, along with the other additional evidence and allegations contained in Plaintiffs' proposed Second Amended Complaint, reinforces Plaintiffs' standing as well as the merits of their claims.

Plaintiffs respectfully submit the liberal leave policy of Rule 15 should be applied here so that Defendants' actions may be brought fully into the light and the merits litigated.

## II. ARGUMENT

### A. Rule 15 Contains a Liberal Amendment Standard

Defendants do not deny the liberal standard applicable to motions for leave to amend, nor do they contend there has been any undue delay by Plaintiffs, bad faith, repeated failure to cure deficiencies previously found by the Court, or prejudice to Defendants. *See* Memo. Opp. (Doc.

47), at pp. 5-6; *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001). Defendants' sole argument is Plaintiffs' Motion for Leave to Amend should be denied because the proposed amendment would be futile. In making this argument, Defendants seek to contradict the factual allegations made by Plaintiffs, and reiterate the arguments about standing made in their Motion to Dismiss.

Futility may apply to justify the denial of a request for leave to amend when, for example, a court has already granted a Rule 12(b)(6) motion to dismiss and given the plaintiff leave to amend, but the amended complaint fails to cure the deficiency found by the court. But that is not the case here. Here, the standing issue and arguments made in Defendants' Motion to Dismiss have not been fully briefed. Defendants sought to have this Court consider matters outside the pleading in their Motion to Dismiss, which led to the limited discovery permitted by the Court, and further evidence of Defendants' actions to enforce the Resolution and other evidence demonstrating Plaintiffs' standing which has now been included in Plaintiffs' proposed Second Amended Complaint. This evidence also demonstrates the arguments made by Defendants in their Motion to Dismiss and accompanying Affidavit are wrong, legally unsound, and inapplicable or irrelevant to the standing and 42 U.S.C. §1983 analysis.

Defendants seek to circumvent the briefing process, and have this Court adjudicate the merits of their standing arguments and the merits of the case before these substantive issues have even been briefed. Plaintiffs' proposed Second Amended Complaint addresses many of the primary arguments made by Defendants in their motion to dismiss, and Plaintiffs respectfully submit their amended complaint should be permitted, the substantive issues thereafter fully briefed, and the case determined on its merits.

3

B. **Defendants' Opposition to Plaintiffs' Motion to Leave is Due to Their Desire to Conceal Their Continued Unconstitutional Actions and Violation of the Stipulation**

Defendants' real purpose in opposing Plaintiffs' Motion for Leave to Amend is to stifle inquiry and public disclosure of their continuing unconstitutional conduct. This is not a proper basis for opposing a request for leave to amend.

Despite the Stipulation entered in this case, a majority of the Defendant Board Members continue to take actions to enforce the Resolution in violation of the Stipulation. Following the filing of Plaintiffs' Motion for Leave, Plaintiffs confirmed that these Defendants have, in fact, drafted a further policy to enforce portions of the Resolution, and have sent it to District Counsel. Plaintiffs learned from the Public Records Request Log of FHSD that Defendant Dr. Rasmussen made a request for a copy of the policy, but the other Board members and even District Counsel have refused to provide it to Dr. Rasmussen. Incredibly, despite the fact District Counsel is supposed to serve FHSD and the entirety of the Board, Defendant Katie Stewart asserted in response to Dr. Rasmussen's public records request that the new policy and the communications regarding it with District Counsel were protected by "attorney-client privilege" as against *fellow Board Member* Dr. Rasmussen and thus should not be shared with her.

Josh Bazan <joshbazan@foresthills.edu>　　　　　　　　　　　　　　　　　　　　Fri, Feb 3, 2023 at 9:15 AM
To: Katie Stewart <katiestewart@foresthills.edu>
Cc: "Bill M. Deters II" <wmdeters@ennisbritton.com>

Hi Katie,

I have the following public records request that pertains to you. I'm copying Bill on here so he's aware. Let me know if you have anything that matches this and Bill can look it over to determine if it should be disclosed pursuant to this request.

Sincerely,
Josh

### Request 2-2-23A
From: Leslie Rasmussen

Pursuant to the Ohio Public Records Act, I am requesting copies of the following public records from the Forest Hills Local School District:

Katie Stewart's draft resolution related to transgender issues and bathrooms. Date range: Oct 2022-Feb 2023.

She wrote it and Bill Deters is aware. In fact, he has seen it. I asked Mrs. Stewart to produce it and she refused.

This may be a draft, but it is board business and it does exist. So, I'm left with no choice but to submit my own FOIA request.

If she does not produce it, I will pursue other means. It does exists. I would like it in a timely manner so that I am not left to ask for it publicly at the Feb. 15 meeting.

--
**Josh Bazan**
Communications Coordinator
Forest Hills School District
(513) 231-3600, ext. 2966
joshbazan@foresthills.edu

---

Katie Stewart <katiestewart@foresthills.edu>　　　　　　　　　　　　　　　　　　　　Fri, Feb 3, 2023 at 9:43 AM
To: Josh Bazan <joshbazan@foresthills.edu>, wmdeters@ennisbritton.com

Hi Josh,
　I see this request as attorney client privilege. It is not board business nor will it be coming forward at any meeting in the future. I see this as an attempt to incite panic. Bill please advice.

Katie Stewart

FHSD thereafter denied Dr. Rasmussen's request for the records, and FHSD has taken the position that the new policy which was drafted by one or more FHSD Board Members for application to the FHSD school district is not a "public record." *See* Exhibit 1 attached. The email exchange continued as follows:

5

> **Bill Deters** <wmdeters@ennisbritton.com>  Fri, Feb 10, 2023 at 12:39 PM
> To: Josh Bazan <joshbazan@foresthills.edu>
> Cc: Alana Cropper <alanacropper@foresthills.edu>, Larry Hook <larryhook@foresthills.edu>, Leslie Rasmussen <leslierasmussen@foresthills.edu>, Katie Stewart <katiestewart@foresthills.edu>, Bob Bibb <bobbibb@foresthills.edu>, Linda Hausfeld <lindahausfeld@foresthills.edu>
>
> Josh:
>
> Katie's document would not qualify as a record under the definition outlined in the Open Records law. It does not document the organization's functions, policies, directives, etc.
>
> William M. Deters II, Esq.
>
> 
> ENNIS BRITTON
> SCHOLARS IN EDUCATION LAW
> CINCINNATI • COLUMBUS • CLEVELAND

***

> **Leslie Rasmussen** <leslierasmussen@foresthills.edu>  Fri, Feb 10, 2023 at 1:03 PM
> To: Bill Deters <wmdeters@ennisbritton.com>
> Cc: Josh Bazan <joshbazan@foresthills.edu>, Alana Cropper <alanacropper@foresthills.edu>, Larry Hook <larryhook@foresthills.edu>, Katie Stewart <katiestewart@foresthills.edu>
>
> Josh:
>
> To be clear, Bill's official position is that a drafted resolution by a board member - for the district - is not public record? Thus, FHSD is refusing to produce the document?
>
> So, let me ask a clarifying question. All drafts we develop for policy (in committee or otherwise) and resolutions are NOT public record?
>
> I look forward to a clear response.
>
> LR

Plaintiffs' counsel has also requested the policy, and cited caselaw demonstrating it is a public record, but Defendants have not produced it to date. *See id.* To be clear, Defendants do not deny the existence of the policy document; they merely refuse to produce it to the public including Plaintiffs in this case.

Defendants should not be permitted to continue to take action behind closed doors. Their actions violate public meeting and public records statutes, and their opposition to Plaintiffs' Motion for Leave is another attempt along these same lines to operate in the shadows and avoid public disclosure and scrutiny of their actions. This is obviously not a legitimate basis to oppose Plaintiffs' request to amend their Complaint. This evidence is just one of many examples which

demonstrate Defendants are indeed enforcing the Resolution, and Plaintiffs have standing to bring the claims asserted in the proposed Second Amended Complaint.

    C. **Defendants Cannot Reconcile Their Contradictory Conduct in Asserting the "Legislative Privilege" with Respect to the Resolution Which They Simultaneously Assert is Merely a "Statement of Belief"**

Defendants take the position in their Motion to Dismiss (which they reiterate in their Opposition to Plaintiffs' Motion for Leave) that Plaintiffs do not have standing to pursue their claims because the Resolution is merely a "vision statement" or "statement of belief" with no force or effect; as a result, Defendants argue there can be no "injury in fact" for purposes of standing. Defendants, however, took the opposite position during the deposition of Defendant Sara Jonas, and admitted the Resolution was, in fact, legislation and a legislative act. Plaintiffs seek to include this admission in their proposed Second Amended Complaint as it is highly relevant to the issue of standing and undermines the primary argument made by Defendants in seeking dismissal for lack of standing.

Specifically, during the deposition of Defendant Jonas in December 2022, Defendants' counsel repeatedly asserted "legislative privilege" in response to questions directed to Ms. Jonas about the drafting, meaning and intent of the Resolution, taking the position the Resolution was "legislation" to which the "legislative privilege" applies. The following are examples of the admissions made by Defendants:

> MR. WHARTON: The same instruction to the witness. Same objection, not to answer questions that are protected by the legislative privilege. Legislative privilege covers any legislative act concerning legislation passed by state or local legislators.
>
> **MR. LUNDRIGAN: So your position is that the resolution is legislative?**
>
> **MR. WHARTON: It is something that was passed by a local legislative body. Yes, a legislative privilege applies.**

7

Depo. Sara Jonas (Doc. #39), at p. 64 (PAGEID #340) (emphasis added).

***

BY MR. LUNDRIGAN: Q. What do you think it says?

MR. WHARTON: Objection. Subject to the legislative privilege, I'm going to instruct the witness not to answer questions about any legislative acts or motivation behind legislation.

MR. LUNDRIGAN : I'm asking her about her understanding of the meaning of the resolution now after it's passed.

**MR. WHARTON: It doesn't matter. Legislative privilege attaches to testimony about all those acts and the motivation behind legislation. It's prohibited.**

**MR. LUNDRIGAN : And it's your view that I can't ask her about what the legislation that she drafted that was passed by the board means?**

**MR. WHARTON: As I said, subject to the legislative privilege which covers legislative acts, the deliberative process privilege which covers deliberations about legislation and about the motivation behind legislation, those questions are protected by the legislative privilege and the deliberative process privilege, and she's not going to answer questions about them subject to those privileges.**

Depo. Sara Jonas (Doc. #39), at pp. 120-121 (PAGEID #396-97) (emphasis added).

***

Q. Did you believe that passage of the resolution would influence how the teachers taught and the subjects that they taught?

MR. WHARTON: Same objection. Same instruction.

**MR. LUNDRIGAN : You're instructing her not to answer that one?**

**MR. WHARTON: Yes.**

**MR. LUNDRIGAN : Okay .**

**MR. WHARTON: Motivation behind legislation is protected by the legislative privilege.**

Depo. Sara Jonas (Doc. #39), p. 102 (PAGEID #378) (emphasis added).

8

Throughout the deposition, Defendants repeatedly admitted the Resolution was legislation and a legislative act, and took the position the legislative privilege therefore applied to shield Ms. Jonas from having to testify about the Resolution. Now, apparently understanding the effect of this admission, Defendants spend an inordinate amount of time in their Memorandum in Opposition to Plaintiffs' Motion to Leave trying to reconcile their assertion of "legislative privilege," with their simultaneous assertion that the Resolution is merely a non-binding "statement of belief." The simple answer is they cannot reconcile these positions.

As an initial matter, Plaintiffs do not concede there is any "legislative privilege" or "deliberative process privilege" that would apply here. The "legislative privilege" generally applies only to federal legislators, and perhaps state-level legislators. *See, e.g., Plain Local School District Bd. of Educ. V. DeWine*, 464 F. Sup.3d 915, 920 (S.D. Ohio 2020). Neither the Supreme Court nor the Sixth Circuit has determined whether the "legislative privilege," which derives from the federal Constitution, applies to State legislators in a federal civil case. *See id.* More important, the "legislative privilege" does not apply to all activities of legislators. *See id.* at 922. Rather, it applies only with respect to "legislative acts." *See id.* at 923 ("Accordingly, the Court agrees that the legislative privilege protects inquiry into legislative acts. . ."). Similarly, the deliberative process privilege applies only pre-decision and applies to "protect communications *made in the course of formulating agency decisions on legal and policy matters*." *See Planned Parenthood Sw. Ohio Region v. Acton*, No. 1:15-CV-00568, 2020 WL 11036304, at *2 (S.D. Ohio Jan. 17, 2020) (emphasis added) (internal quotations omitted). Other activities of legislators other than those that occur in the course of the legislative process do not fall within the privilege. For example, political matters and political actions are not legislative acts to which the privilege could apply. *See Plain Local School District Bd. of Educ.*, 464 F. Sup.3d 915, 921-22.

Here, whether school district legislators, *i.e.* the Defendant Board Members, may assert legislative privilege in this federal civil action is for determination on another day. What is relevant now is the fact Defendants have asserted the legislative privilege in this litigation and admitted the Resolution is "legislation" and a "legislative act," which are the only things to which the privileges could potentially apply. *See id.* at 922-23. While Defendants now fall all over themselves in their Memorandum in Opposition to try to simultaneously reiterate their position that the Resolution is merely an unenforceable "statement of belief," Defendants cannot have it both ways. The Resolution cannot be both a legislative act and policy to which these privileges may potentially apply, and a mere unenforceable, non-legislative and non-policy "vision statement." Indeed, a "vision statement" or "statement of belief" would be merely a political statement or political action to which the privilege could not apply. *See id.* at 922.

### D. The Individual Defendants are Proper Parties

Defendants next argue the proposed Second Amended Complaint is futile because the individual defendants, all of whom have been named in their official capacities, are not proper parties. To be clear, Plaintiffs have not added these individuals as parties to their proposed Second Amended Complaint. These defendants have been parties from the outset of the case.

Defendants argue that claims alleged against the individuals in their official capacity are claims against the entity itself, and because the FHSD Board is also a defendant, the claims against the individual defendants are duplicative and should be dismissed. *See* Memo. Opp. (Doc. 47), pp. 6-7. However, even if duplicative, it does not mean the claims against the individuals in their official capacities are invalid or subject to dismissal. As this Court has recognized, the Sixth Circuit does not require dismissal of official capacity claims on the basis of redundancy. *See Range v. Douglas*, No. 1:10CV473, 2015 WL 736411, at *2 (S.D. Ohio Feb. 20, 2015) (Barrett,

10

J.); *Doe No. 1 v. Springboro Cmty. City Sch. Dist. Bd. of Educ.*, No. 1:19-CV-785, 2021 WL 1516157, at *2–3 (S.D. Ohio Apr. 15, 2021) (Black, J.). The plaintiff is the master of his or her complaint, and may decide what claims to allege and how to allege them. *Doe No. 1,* 2021 WL 1516157, *3. Accordingly, there is no basis for dismissal of the official capacity claims alleged against the individual Defendants.

### E. Defendants' Remaining Arguments Are Based Upon Their Disagreement with the Facts Alleged by Plaintiffs

Defendants' remaining arguments are based upon their disagreement with the facts alleged by Plaintiffs in their proposed Second Amended Complaint. For example, Defendants assert -- in direct contravention of Plaintiffs' allegations and evidence -- that Diversity Day was not cancelled, the Resolution is not a policy of the District, and Defendants have not taken any action to enforce the Resolution. *See, e.g.,* Defs. Memo. Opp. (Doc. 47), at pp. 2, 5, 7, 11.) Plaintiffs strongly disagree and have cited dozens of paragraphs of facts in support of their position and claims. These issues go to the heart of the merits of the claims in the case. That Defendants disagree and want to present contradictory evidence is not a basis for denial of Plaintiffs' Motion for Leave to Amend.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court to grant them leave to file a Second Amended Complaint.

Dated: March 2, 2023

Respectfully submitted,

*s/ Nicole M. Lundrigan*
W. Kelly Lundrigan (0059211)
Nicole M. Lundrigan (0075146)
LUNDRIGAN LAW GROUP CO, LPA
1080 Nimitzview Drive, Suite 402
Cincinnati, Ohio 45230
Phone (513) 813-7610
klundrigan@lundrigan-law.com
nlundrigan@lundrigan-law.com
*Attorneys for Plaintiffs*

Of Counsel:

Mark D. Rosenbaum
Admitted *Pro Hac Vice*
Public Counsel
610 South Ardmore Avenue
Los Angeles, California 90005
(213) 385-2977
mrosenbaum@publiccounsel.org

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the Court's CM/ECF electronic filing services and served upon all parties of record on the 2nd day of March, 2023.

*s/ Nicole M. Lundrigan*