UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SARAH UPDIKE, et al., | Case No. 1:22-CV-374 |
| Plaintiff, | Judge Michael R. Barrett |
| v. | |
| SARA JONAS, et al., | **OPINION & ORDER** |
| Defendant. | |

This matter is before the Court on Plaintiffs' motion for leave to file a second amended complaint. (Doc. 45). Defendants have responded in opposition, (Doc. 47), and Plaintiffs have replied, (Doc. 48). For the following reason, Plaintiffs' motion will be grated.

As applicable here, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny a motion to amend is a matter of discretion, and "the case law in this Circuit manifests liberality in allowing amendments to complaints." *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (cleaned up); *see* Fed. R. Civ. P. 15(a)(2) (counseling that courts should "freely give leave" for parties to amend their pleadings "when justice so requires").

Leave to amend will be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962);

1

*Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). An amendment is futile when it is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6); that is, when it fails to state a claim on which relief may be granted. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000).

Here, Defendants rest their argument solely on the grounds of futility and invite the Court to address the merits of the proposed amendment; the Court declines to do so. Rather, at this juncture, the Court recognizes that "[i]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss." *Ousley v. CG Consulting, LLC*, 339 F.R.D. 455, 461 (S.D. Ohio 2021) (quoting *Durthaler v. Accounts Receivable Mngmt., Inc.*, 2011 U.S. Dist. LEXIS 121573, at *11-12 (S.D. Ohio Oct. 20, 2011)). To that end, the Court sees no indication that the proposed amendment is so obviously futile "that it should be disallowed." *Id.* (quoting *Bear v. Delaware Cnty., Ohio*, 2015 U.S. Dist. LEXIS 56133, at *8-9 (S.D. Ohio Apr. 28, 2015)).

The motion for leave to file a second amended complaint, (Doc. 45), is hereby **GRANTED**. In turn, Defendants motion to dismiss, (Doc. 29), is **DENIED** as moot, *see, e.g.*, *Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002). Plaintiffs shall file their amended complaint as a standalone pleading within seven (7) days of the date of this order, and pursuant to Rule 15(a)(3), Defendants shall answer, plead, or otherwise respond within fourteen (14) days of service.

**IT IS SO ORDERED.**

    /s/ Michael R. Barrett
Michael R. Barrett, Judge
United States District Court