**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **SARAH UPDIKE, et al.** | * | **CASE NO. 1:22-CV-00374-MWM** |
| Plaintiffs | | **JUDGE MICHAEL R. BARRETT** |
| v. | * | |
| **SARA JONAS, et al.,** | | **MOTION TO DISMISS OF DEFENDANT LESLIE RASMUSSEN (NAMED SOLELY IN HER OFFICIAL CAPACITY AS A BOARD OF EDUCATION MEMBER)** |
| Defendants | * | |

Defendant Leslie Rasmussen, who is named solely in her official capacity as a member of the Board of Education of the Forest Hills School District, respectfully moves this Court pursuant to Fed. R. Civ. P. 12(b)(6) for dismissal as a defendant[1] in this action. Because the only claims made against her in Plaintiffs' Second Amended Complaint are in her official capacity as a school board member and the school board is named as a defendant in this action, no plausible claim against her exists. A Memorandum supporting this Motion follows.

Respectfully submitted,

*/s/ Bryan J. Mahoney*
Bryan J. Mahoney (0071367), Trial Counsel
Lisa A. Hesse (0042120), Co-Counsel
FREUND, FREEZE & ARNOLD
1 South Main Street, Suite 1800
Dayton, OH 45402-2017
Phone: (937) 425-6331
Fax: (937) 425-7331
bmahoney@ffalaw.com
lhesse@ffalaw.com
Attorneys for Defendant, Leslie Rasmussen (sued solely in her official capacity as a member of the Board of Education of the Forest Hills School District)

---

[1] Because the law equates suit against a defendant in her official capacity to suit against the board itself, Defendant Rasmussen incorporates herein by reference, and does not waive, any and all defenses and arguments made by and on behalf of Defendant Board of Education of the Forest Hills School District (or any other defendant board members sued in their official capacities) in its answer and/or any motion to dismiss Plaintiff's Second Amended Complaint.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

**MEMORANDUM**

In this action, the plaintiffs have named as a defendant, Leslie Rasmussen, solely "in her official capacity as a member of the Board of Education of the Forest Hills School District". *See* Verified Complaint, Caption; Second Amended Complaint, ¶17 ("This action is brought against the Board, and the Board members in their official capacities as members of the Board.") Importantly, the plaintiffs have also named as a defendant, Board of Education of the Forest Hill School District. *See* Verified Complaint, Caption; Second Amended Complaint, ¶17. Suit against Defendant Rasmussen solely in her official capacity is redundant and the only potentially plausible claim is against the defendant school board. *See Parson v. Homer,* S.D. Ohio No. 1:12CV498, 2013 U.S. Dist. LEXIS 139340, *6-*7 (Sept. 27, 2013).

"Official capacity suits represent only another way of pleading an action against an entity of which an officer is an agent." *See Mayle v. Brunswick City. Schl. Dist. BOE*, S.D. Ohio No. 1:18CV475, 2019 U.S. Dist. LEXIS 3358, *5 (Jan. 8, 2019) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985) and quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55 (1978)). "There is no longer a need to bring official capacity actions against local government officials, for under *Monell*, local governments can be sued directly for damages and injunctive or declaratory relief." *Graham*, 473 U.S. at 167. "As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *See Mayle*, 2019 U.S. Dist. LEXIS 3358, *5 (citing *Graham*, 473 U.S. at 166). Thus, suit against a school board member in her official capacity "is the equivalent of suit against the public entity itself", i.e., the school board. *See Mayle*, 2019 U.S. Dist. LEXIS 3358, *5 (granting partial judgment on the pleadings dismissing claims against the school board members and school administrators sued solely in their official capacities.)

- 3 -

The same analysis is applied to motions for judgment on the pleadings as for motions to dismiss. *See Bushong v. Delaware City School Dist.,* 851 Fed. Appx.541, 543 (6th Cir. March 18, 2021). To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 544, 570 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 667-668.

As a matter of law, the only potentially viable action is against the government entity, i.e., the school board. *See Graham, supra.; Mayle, supra.* Because "the principal entity", here the Board of Education of the Forest Hill School District, "is named as a Defendant in this action, the official capacity claim[ ] is redundant." *See Parson,* 2013 U.S. Dist. LEXIS 139340, *7. There is no plausible claim against Defendant Rasmussen who is sued solely in her official capacity, and dismissal of all claims against her in her official capacity is warranted as a matter of law. *See id.* at *6-*7 (granting the motion to dismiss the official capacity claims made against individual defendants where the public entity was named as a defendant).

Respectfully submitted,

*/s/ Bryan J. Mahoney*
Bryan J. Mahoney (0071367), Trial Counsel
Lisa A. Hesse (0042120), Co-Counsel
FREUND, FREEZE & ARNOLD
1 South Main Street, Suite 1800
Dayton, OH 45402-2017
Phone: (937) 425-6331; Fax: (937) 425-7331
bmahoney@ffalaw.com
lhesse@ffalaw.com
Attorneys for Defendant, Leslie Rasmussen
(sued solely in her official capacity as a
member of the Board of Education of the
Forest Hills School District)

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**