IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **SARAH UPDIKE, *et al.*** | : | Case No. 1:22-cv-00374 |
| | : | |
| Plaintiffs, | : | Judge Michael R. Barrett |
| | : | |
| v. | : | **PLAINTIFFS' MEMORANDUM IN** |
| | : | **OPPOSITION TO DEFENDANT** |
| **SARA JONAS, *et al.*** | : | **RASMUSSEN'S MOTION TO** |
| | : | **DISMISS SECOND AMENDED** |
| Defendants. | : | **COMPLAINT (NAMED SOLELY IN** |
| | : | **HER OFFICIAL CAPACITY AS** |
| | : | **BOARD OF EDUCATION MEMBER)** |
| | : | **(Doc. #52)** |

---

## I.    INTRODUCTION

Defendant Leslie Rasmussen has moved to dismiss the claims made against her in her official capacity as a member of the Forest Hills School District Board of Education (the "Board") on the grounds that the claims against her in her official capacity are redundant. As set forth below, this is not a basis for dismissal. Defendant's Motion must be denied.

## II.    ARGUMENT

Defendant Rasmussen argues that claims alleged against individuals in their official capacity are claims against the entity itself, and because the FHSD Board is also a defendant, the claims against the individual defendants are duplicative and should be dismissed. *See* Rasmussen Mot. Dismiss (Doc. 52), pp. 2-3. However, even if duplicative, the claims against the individuals in their official capacities are not invalid nor subject to dismissal. As this Court has recognized, the Sixth Circuit does not require dismissal of official capacity claims on the basis of redundancy. *See Range v. Douglas*, No. 1:10CV473, 2015 WL 736411, at *2 (S.D. Ohio Feb. 20, 2015) (Barrett, J.) (redundancy is not a basis for dismissal of claims made against individuals in

1

their official capacity); *Doe No. 1 v. Springboro Cmty. City Sch. Dist. Bd. of Educ.*, No. 1:19-CV-785, 2021 WL 1516157, at *2–3 (S.D. Ohio Apr. 15, 2021) (Black, J.) (denying motion to dismiss official capacity claims; even if technically redundant of claim against entity, redundancy alone is not a basis for dismissal of official capacity claims).   The plaintiff is the master of his or her complaint, and may decide what claims to allege and how to allege them.  *Doe No. 1,* 2021 WL 1516157, *3. Accordingly, there is no basis for dismissal of the official capacity claims alleged against the individual Defendants, including Defendant Rasmussen.

In the decision cited by Defendant Rasmussen, *Parson v. Homer,* No. 1:12CV948, 2013 WL 5441734, at *3 (S.D. Ohio Sept. 27, 2013), the court did dismiss the official capacity claims as redundant, but noted in doing so that the plaintiff had not responded to the defendants' argument. *See id.* at *3.  Thus, the argument for dismissal of the official capacity claim was not opposed in *Parson.*  Moreover, this decision predates the *Range* and *Doe No. 1* cases cited above, whereby this Court clearly found the Sixth Circuit does not require dismissal of official capacity claims on the basis of redundancy.

Should the Court nonetheless determine the named Defendant parties are duplicative and either the Board or the members in their official capacity should be dismissed, Plaintiffs should be permitted to choose.  As demonstrated by the Second Amended Complaint and depositions filed in this case, this is a divided Board and the Board members have vastly differing views regarding the Resolution at issue and their recollection of events leading up to and following passage of the Resolution (such as inquiries made of Superintendent Hook regarding his willingness to enforce the Resolution).  Plaintiffs intend to serve and seek separate discovery responses from each defendant Board member in this case, which is important as the Board members' responses may

be very different.  If the individuals are dismissed and only the Board remains, then the discovery responses will likely reflect only the Board majority's view.

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit Defendant's Motion to Dismiss should be denied.

Dated:   July 27, 2023                    Respectfully submitted,


                          *s/W. Kelly Lundrigan*

                          *s/ Nicole M. Lundrigan*

                          W. Kelly Lundrigan (0059211)

                          Nicole M. Lundrigan (0075146)

                          LUNDRIGAN LAW GROUP CO, LPA

                          1080 Nimitzview Drive, Suite 402

                          Cincinnati, Ohio 45230

                          Phone (513) 813-7610

                          klundrigan@lundrigan-law.com

                          nlundrigan@lundrigan-law.com

                          *Attorneys for Plaintiffs*


### Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the Court's CM/ECF electronic filing services and served upon all parties of record on the 27th day of July, 2023.

                          *s/ Nicole M. Lundrigan*