# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SARAH UPDIKE, et al. | * | CASE NO. 1:22-CV-00374-MWM |
| Plaintiffs | | JUDGE MICHAEL R. BARRETT |
| v. | * | **REPLY MEMORANDUM OF DEFENDANT LESLIE RASMUSSEN (NAMED SOLELY IN HER OFFICIAL CAPACITY AS A BOARD OF EDUCATION MEMBER) IN FURTHER SUPPORT OF HER MOTION TO DISMISS** |
| SARA JONAS, et al., | | |
| Defendants | * | |

**A. Dismissal is warranted where challenge is made not only of redundancy, but also of the merits of Plaintiffs' claims.**

Defendant Rasmussen has not *solely* challenged the redundancy of those claims made against her in her official capacity as the plaintiffs suggest. Importantly, she has also challenged the merits of those claims against her in her official capacity by her reference and incorporation of the arguments made by and on behalf of Defendant Board of Education of the Forest Hills School District in its motion to dismiss Plaintiff's Second Amended Complaint. *See* Motion to Dismiss of Defendant Rasmussen (Doc. 52), p.1, fn. 1 (PAGE ID 1584). In that motion of the school board (and other school board members also sued in their official capacities only) which is incorporated herein by reference, arguments have been made challenging the court's subject matter jurisdiction, the plaintiffs' standing as to all alleged claims as well as the absence of any violations of plaintiffs' liberty interest in the education of the students. *See* Defendants' Motion to Dismiss Second Amended Complaint (Doc. 53).[1]

---

[1] Defendant Rasmussen further incorporates herein by reference the arguments contained in any memorandum of the defendant school board (and other school board members also sued in their official capacities only) filed in reply to Plaintiffs' Memorandum in Opposition to Defendants Sara Jonas, Linda Hausfeld, Katie Stewart, Larry Hook and the Forest Hills School District Board of Education's Motion to Dismiss Second Amended Complaint (Doc. 55).

- 2 -

In *Doe v. Springboro Cmty. City Schl. Dist. BOE,* S.D. Ohio No. 1:19-cv-785, 2021 U.S. Dist. LEXIS 73227, *9 (April 15, 2021), cited by Plaintiffs, the district court distinguished between a motion to dismiss based solely upon redundancy and a motion to dismiss also challenging the merits of the plaintiffs' claims.

> From a technical standpoint, it is somewhat redundant for Plaintiffs to have asserted official capacity claims against [the public employees] in addition to direct capacity claims against the [] board of education. However, the Moving Defendants have not challenged the merits of Plaintiffs' official capacity claims in their Partial Motion to Dismiss. And, at this preliminary juncture, the Court declines to hold that redundancy - alone - is a sufficient basis for their dismissal.

*Id.* Here, where dismissal is sought also on the merits, a challenge to redundancy "alone" has not been made.

### B. Discovery responses of the Defendant Board are not changed by directing requests to a defendant in his or her official capacity.

The plaintiffs do not dispute, as found by Ohio's Southern District Courts as well as by the United States Court of Appeals for the Sixth Circuit and the United States Supreme Court, that "[a] suit against an individual in his or her official capacity is the equivalent of a suit against the governmental entity." *See Range v. Douglas,* S.D. Ohio No. 1:10CV473, 2015 U.S. Dist. LEXIS 20549, *5 (Feb. 20,2015) (cited by Plaintiffs and citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) and *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 68 (1989)). Thus, discovery directed to a board member in his or her official capacity is discovery to the school board. Board members as individuals do not separately possess the powers that reside in a board of education nor can board members act individually to bind the board of education. *See, e.g.,* Ohio R.C. §§ 3313.20, 3313.47.

The law precludes any dispute that suit against (and discovery directed to) Defendant Rasmussen solely in her official capacity is redundant. *See Parson v. Homer,* S.D. Ohio

- 3 -

No. 1:12CV498, 2013 U.S. Dist. LEXIS 139340, *6-*7 (Sept. 27, 2013). The only potentially plausible claim is against the defendant school board. *See id.* Where, however, no plausible claims exist against the defendant school board (as set forth more fully in the school board's Motion to Dismiss Second Amended Complaint (Doc. 53) which has been incorporated in Defendant Rasmussen's motion to dismiss and herein by reference), neither do any plausible claims exist against Defendant Rasmussen sued solely in her official capacity to survive dismissal.

        Respectfully submitted,

        */s/ Bryan J. Mahoney*_____
        Bryan J. Mahoney (0071367), Trial Counsel
        Lisa A. Hesse (0042120), Co-Counsel
        FREUND, FREEZE & ARNOLD
        1 South Main Street, Suite 1800
        Dayton, OH 45402-2017
        Phone: (937) 425-6331; Fax: (937) 425-7331
        bmahoney@ffalaw.com
        lhesse@ffalaw.com
        Attorneys for Defendant, Leslie Rasmussen
        (sued solely in her official capacity as a
        member of the Board of Education of the
        Forest Hills School District)

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**