**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Sarah Updike, et al.                              :
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾          :          Case No.  1:22-cv-00374
                                                          :                          ‾‾‾‾‾‾‾‾‾‾‾‾‾
                    Plaintiff(s)              :
                                                          :          Judge Michael R. Barrett
                                                          :
          v.                                          :
                                                          :          **JOINT DISCOVERY PLAN**
Sara Jonas, et al.                              :          (RULE 26(f) REPORT)
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾          :          (REQUIRED FORM)
                                                          :
                    Defendant(s)              :

Now come all parties to this case, by and through their respective counsel, and

hereby jointly submit to the Court this Joint Discovery Plan, pursuant to the Court's Trial

Procedure Order.   The parties conducted their discovery conference on ___10/11/2023___.


**A.**     **MAGISTRATE CONSENT**

          The Parties:

          ☐     unanimously consent to the jurisdiction of the United States Magistrate
                    Judge pursuant to 28 U.S.C. § 636 (c).

          ☒     do not unanimously consent to the jurisdiction of the United States
                    Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

          ☐     unanimously give contingent consent to the jurisdiction of the United States
                    Magistrate Judge pursuant to 28 U.S.C. § 636 (c), for trial purposes only, in
                    the event that the District Judge assigned is unavailable on the date set for
                    trial (e.g. because of other trial settings, civil or criminal).

**B.**     **RULE 26(a) DISCLOSURES**

☐     The parties have exchanged pre-discovery disclosures required by Rule 26(a)(1).

☒     The parties will exchange such disclosures by _November 3, 2023_

☐     The parties are exempt from disclosures under Rule 26(a)(1)(E).

NOTE:   Rule 26(a) disclosures are <u>not</u> to be filed with the Court.

**C.**     **DISCOVERY ISSUES AND DATES**

1.     Discovery will need to be conducted on the issues of _The drafting and passage of the Resolution; actions taken to enforce the Resolution and otherwise censor speech/ideas; any justification for passage of the Resolution ; standing of parties and nature and extent of damages_

2.     The parties recommend that discovery

☒     need not be bifurcated

☐     should be bifurcated between liability and damages

☐     should be bifurcated between factual and expert

☐     should be limited in some fashion or focused upon particular issues which relate to_____

3.     Disclosure and report of Plaintiff(s) expert(s) by _March 1, 2024_

4.     Disclosure and report of Defendant(s) expert(s) by_April 1, 2024_

5.     Disclosure and report of rebuttal expert(s) by _May 1, 2024_

6.     Disclosure of non-expert (fact) witnesses _December 1, 2023_

7.     Discovery cutoff _June 1, 2024_

8. Anticipated discovery problems

☒ Defendants have asserted legislative privilege during depositions; potential issues regarding
claims of executive session privilege and/or attorney-client privilege

☐ None

9. Describe the subjects on which discovery is to be sought and the nature,

extent and scope of discovery that each party needs to: (1) make a settlement evaluation,

(2) prepare for case dispositive motions, and (3) prepare for trial:

The drafting of the Resolution; actions taken to enforce the Resolution and/or censor speech/ideas; any

justification for the Resolution; standing of parties and nature and extent of damages

10. Discovery of Electronically Stored Information.   The parties have

discussed disclosure, discovery, and preservation of electronically stored information,

including the form or forms in which it should be produced.

_____x_____ Yes

_____ No

i. The parties have electronically stored information in the following formats:

Emails, text messages, pdfs, social media messages and posts, documents saved in Google drive

ii. The case presents the following issues relating to disclosure, discovery, or

preservation of electronically stored information, including the form or forms in

which it should be produced:

None at this time

3

11.    Claims of Privilege or Protection.   The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

_____ Yes

\_\_\_\_\_ᵡ\_\_\_\_\_ No

i. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

Defendants have asserted legislative privilege during depositions; issues concerning executive session
_____

privilege and attorney-client privilege may also arise
_____

_____

ii. Have the parties agreed on a procedure to assert such claims AFTER production?

\_\_\_ᵡ\_\_\_ No

_____ Yes

_____ Yes, and the parties ask that the Court include the following agreement in the scheduling order:

_____

_____

_____

4

**D.**    **LIMITATIONS ON DISCOVERY**

1.    Changes in the limitations on discovery

☐    Extension of time limitations (currently one day of seven hours) in taking of depositions to _____.

☒    Extension of number of depositions (currently 10) permitted to _____30_____.

☒    Extension of number of interrogatories (currently 25) to ___40___.

☐    Other: _____.

☐    None

**E.**    **PROTECTIVE ORDER**

☒    A protective order will likely be submitted to the Court on or before _____11/3/23_____.

☐    The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will be in compliance with *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F. 3d 219 (6th Cir. 1996).

**F.**    **SETTLEMENT**

A settlement demand _____ has ___x___ has not been made.

A response _____ has _____ has not been made.

A demand can be made by __January 1, 2024__

A response can be made by __February 1, 2024__

5

**G.** **MOTION DEADLINES**

    1.    Motion to amend the pleadings and/or add parties by ___February 1, 2024___

    2.    Motions relative to the pleadings by   ___March 1, 2024___

    3.    Dispositive motions by ___August 1, 2024___

**H.** **OTHER MATTERS PERTINENT TO MANAGEMENT OF THIS LITIGATION**

___None at this time_____

_____

_____

Signatures:   s/Nicole M. Lundrigan        s/Bernard Wharton
               _____    _____

               Attorney for Plaintiff(s)      Attorney for Defendant(s)

                                       s/Lisa Hesse
               _____    _____

               _____    _____

               _____    _____

               _____    _____